IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. CR-05-78-HE |
| ) | |
| MARSHA KAY SCHUBERT, ) | |
| ) | |
| Defendant ) | |
| ) | |
| and ) | |
| ) | |
| AXA EQUITABLE, and its successors ) | |
| or assigns, ) | |
| ) | |
| Garnishee. ) | |

### REPORT AND RECOMMENDATION

This matter is before the Court on the Defendant Marsha Kay Schubert's claim for exemption filed January 30, 2006. A hearing was held on the claim for exemption on June 6, 2006, with the Government appearing by counsel Ron Pyle, Assistant United States Attorney and the Defendant Schubert appearing by telephone. Arguments were heard, following which the undersigned announced in open court that the recommendation would be that Ms. Schubert's claim for exemption be denied. This Report and Recommendation is entered to memorialize that recommendation and the reasoning behind it.

**PROCEDURAL HISTORY**

The court file reflects that Ms. Schubert entered a plea of guilty on May 5, 2005, to a one count Information charging her with money laundering in violation of 18 U.S.C. § 1957. A sentencing hearing was held on September 8, 2005 and Ms. Schubert was

sentenced to 120 months imprisonment, a three year term of supervised release, and she was ordered to pay restitution in the amount of $9,114,747.00 and a special assessment of $100.00.

On December 2, 2005, the Government filed its application for a post-judgment continuing writ of garnishment and by an order dated December 8, 2005, the garnishment writ was issued to AXA Equitable, who was alleged to be holding a brokerage account or a deferred compensation plan for Ms. Schubert. AXA Equitable filed its Garnishee's answer on January 23, 2006, indicating that it was holding on Ms. Schubert's behalf, a retirement account of the approximate value of $34,160.00, a life insurance policy with a current cash surrender value of $1,156.58, a mutual fund account with a balance of $92.18 and a stock account with an approximate value of $192.00

Ms. Schubert timely filed her claim for exemption and request for hearing and as noted, the hearing on the claim for exemption was held June 6, 2006.

**HEARING**

In making her claim for exemption, Ms. Schubert checked the box indicating that her claim for exemption was based on the provision that allowed certain annuity and pension payments to be exempt from enforcement of any Mandatory Victim Restitution Act debt. At the hearing, she clarified that she was not sure that provision was applicable, but she was basing her claim on an alleged agreement she reached in state court with the receiver who was appointed to represent the victims. She stated that she agreed to turn over practically all of her assets to the receiver in exchange for his agreement that her IRA would be exempt from those collection proceedings. She also

noted that an attorney with the Oklahoma Securities Commission had also instituted proceedings to collect restitution.

Mr. Pyle responded by stating that he was unaware that state authorities were also attempting to collect restitution for the victims, but he stated that he would coordinate with the receiver and with the attorney for the Oklahoma Securities Commission to find out how much had been collected so that proper credit would be given to Ms. Schubert for any amounts collected. He indicated that after he talked to these persons, he would file a report with the court setting forth the status of the restitution efforts and would provide Ms. Schubert with a copy of the same. Mr. Pyle stated and Ms. Schubert acknowledged that the full amount of restitution has not been collected at this point. Mr. Pyle further argued that while Ms. Schubert's IRA might be exempt from enforcement by her creditors under Oklahoma law or under civil law, it was not exempt under the criminal statutes of the United States. Ms. Schubert indicated her understanding and it seemed clear that she was mainly concerned about the lack of accounting by the state receiver and her desire to ensure that she was given proper credit on her federal restitution order for any amounts collected through the state proceedings.

**ANALYSIS**

The United States may enforce a criminal judgment imposing a fine or restitution in accordance with the practices and procedures for the enforcement of a civil judgment under either State or Federal law. 18 U.S.C. § 3613(a); (f). That statute sets forth the narrow range of property which is exempt from such collection efforts. It provides that

the judgment imposing a fine or order of restitution may be enforced against all property or rights to property of the person against whom the judgment is entered except that:

> "(1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law." 18 U.S.C. § 3613(a).

Thus, a defendant has ten of the Internal Revenue Code exemptions, 26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12). Secondly a defendant has available the wage exemption which is available to all debtors in the United States under the Consumer Credit Protection Act, 15 U.S.C. § 1673. Here, Ms. Schubert purports to claim that the property at issue is exempt from garnishment under 26 U.S.C. § 6334(a)(6) which provides:

> Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

It is clear that the monies and properties held by AXA Equitable do not qualify for exemption under that provision. Further, to the extent said monies and properties might be exempt under state and other federal law as a private employment retirement plan, Congress chose not to exempt said funds from garnishment proceedings to collect federal

criminal fines and restitution.  See United States v. James, 312 F.Supp.2d 802, 805-06 (E.D. Va. 2004); United States v. Garcia, 2003 WL 22594362, No. 96-10049-01-JTM (D. Kan. Nov. 6, 2003) (unpublished disposition); United States v. Rice, 196 F.Supp.2d 1196, 1199 (N.D. Okla. 2002).  The undersigned also finds that none of the other enumerated exemption provisions contained in 18 U.S.C. § 3613(a) are applicable.  Thus, the undersigned finds that Ms. Schubert's claim for exemption should be denied.

### **RECOMMENDATION**

Based upon the above, it is recommended that Ms. Schubert's claim for exemption [Doc. No. 26] be denied and that the Garnishee be ordered to remit Ms. Schubert's interest in the monies and properties it holds for Ms. Schubert's benefit to the Clerk of this Court.

The parties are advised of their right to file written objections to this Report and Recommendation by June 27, 2006 in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The parties are further advised that failure to file a timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This

Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 7th day of June, 2006.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE